Thelma C. BERGEN, Co-Executrix of Ben Crenshaw Estate, et al., Appellants and Cross-Appellees,

v.

Ella C. CRENSHAW, Appellee and Cross-Appellant.

Court of Appeals of Kentucky.

Sept. 13, 1974.

As Modified on Denial of Rehearing Nov. 15, 1974.

J. D. Buckman, Jr., Athol Lee Taylor, Taylor & Waller, Shepherdsville, for appellants and cross-appellees.

Thomas B. Givhan, Givhan & Porter, Shepherdsville, for appellee and cross-appellant.

JONES, Justice.

Ella C. Crenshaw, widow of Ben Crenshaw, renounced his will and elected to take her dower and statutory share of the estate. KRS 392.080.

The Bullitt County Probate Court declared the renunciation invalid, and Ella appealed to the Bullitt Circuit Court. She claimed her dower rights including a fifteen-hundred-dollar statutory exemption and one-half the personal and real estate which Ben's executors refused to pay. Ella also claimed one-half the proceeds from the sale of real property owned by her and Ben as joint tenants with right of survivorship.

The trial court, sitting without a jury, held that Ella had fully renounced Ben's will and allowed the statutory exemption and one-half the net proceeds of the personal estate. He denied Ella's claim to one-half the proceeds from the sale of real property she and Ben owned jointly.

Thelma C. Bergen, Wilma Hatfield, Margerita Dunway, and Edgar B. Crenshaw, Ben's heirs, appeal from the judgment and award to Ella. She cross-appeals from that portion of the judgment denying her claim to one-half the proceeds of the sale of the jointly owned property.

Ben's heirs contend that he entered into an oral nuptial agreement with Ella in which her estate would be left to her children and Ben's would be left to his. On cross-appeal, Ella contends that the trial court erred in denying her one-half the proceeds of the sale of the jointly owned real estate.

It is essential that we detail briefly the events that precipitated this action.

Ella married Ben on March 7, 1957. At that time Ben was 72 and a widower; Ella was 66 and a widow.

On September 5, 1957, Ben conveyed to Ella a one-half interest as joint tenant with right of survivorship in a tract of real estate he owned at the time of their marriage. In a condemnation proceeding, Ben and Ella were awarded $8,862.50 for the tract. On October 5, 1965, Ben was paid $7,250.00 which he deposited in his account. The balance of the judgment in the amount of $1,612.50 was paid to both Ben and Ella. She cashed the $1,612.50 check and paid the attorney fees for the condemnation proceedings. She also paid hospital and doctor bills for Ben.

Ben died testate on June 23, 1968. He devised to Ella a life estate in certain real property, as follows:

"Item II. I give and devise the real property known as the Gerty Masden property located on Beech Grove Road, R#3 Shepherdsville, Kentucky, to my wife, Ella C. Crenshaw, for and during her natural life. During her life she shall pay all taxes and assessments and keep the property in reasonable repair. She may occupy it as a home, or if cir-

cumstances prevent her from doing so, she may rent the property, using the income for her personal maintenance."

The portion of the will on which the heirs contend that Ben entered into an oral nuptial agreement is as follows:

"Item VII. My wife, Ella C. Crenshaw, owned a separate estate at the time of our marriage and we have made a mutual agreement that her money shall be left by her to her children, and that my money shall be left by me to my children, accordingly, in keeping with such agreement, I have made no provision for my said wife except that in Item II hereof devising her a life estate in the real estate therein described."

■ The appellants cite Clause VII as a basis to prove the existence of an oral nuptial agreement. However, the proffered evidence by appellant to support this basis is nothing more than hearsay and a self-serving declaration. There is no evidence indicating that Ella made such an agreement. We conclude that the trial court was correct in adjudging that there was insufficient proof to sustain a postnuptial agreement.

■ We now review Ella's claim to one-half the proceeds of the condemnation sale of the jointly owned realty. The trial court held that there was insufficient proof to sustain Ella's claim to a one-half interest in $8,862.50 plus interest from October 13, 1965, from condemnation proceedings by the Commonwealth to the jointly owned property. We agree with the trial court's findings.

■ The testimony of transactions with Ben by persons interested in the estate is not competent. KRS 421.210.

We conclude that the trial court was correct. The judgment is affirmed on the appeal and on the cross-appeal.

All concur.